IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS FREEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 22 C 1613 |
| | ) | |
| WELLPATH LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER REGARDING REMAINDER OF
DEFENDANTS' SUMMARY JUDGMENT MOTION**

After consideration of the parties' written submissions and oral argument, the Court grants defendants' summary judgment motion regarding plaintiff Thomas Freeman's claims against Nurse Jennifer Griffith for the reasons stated below.

Griffith saw Freeman on several occasions during the relevant period. There is no evidence supporting a contention that she performed inadequate examinations, failed to record Freeman's reported symptoms, understated those symptoms, refused to treat Freeman, or failed to refer him to a physician (in this case Dr. Kim) when that was warranted. There is also no evidence that Griffith had authority to refer a detainee like Freeman to an outside provider; that was up to physicians and higher-ups.

The affidavit submitted by plaintiff's expert Dr. Donald Kern references only the actions and inaction of Dr. Kim. Dr. Kern's expert report, which he incorporates in his affidavit, states in a conclusory way that Griffith's treatment of Freeman fell below the standard of care, but this conclusion is not supported by any underlying factual basis that has support in the evidentiary record. In particular, although Dr. Kern states in a

general way that "health staff" at the jail were deficient in failing to obtain prior medical records, *see* dkt. no. 87-1 at ECF p. 10 of 28, neither his report nor anything cited by Freeman in response to the motion for summary judgment identifies any record that *Nurse Griffith* should have obtained, but did not, that could have made a difference in Freeman's treatment. In addition, though Dr. Kern states that "jail health staff persisted in their treatment plan of only providing medications . . . which the patient said were not helping," *see id.* at ECF p. 11 of 28, there is no evidentiary support, either in Dr. Kern's report or in Freeman's responsive materials, for the proposition that the "treatment plan" was determined or even influenced by Griffith—as opposed to Dr. Kim. The same is true of the other deficiencies in Freeman's treatment noted by Dr. Kern: none of these deficiencies are attributed, via evidence cited by Freeman, to Griffith as opposed to Dr. Kim.

For these reasons, no reasonable jury could find that Nurse Griffith rendered objectively unreasonable treatment in violation of the Fourteenth Amendment or that her care fell below the applicable standard of care and proximately caused injury to Freeman as required for his professional negligence claim. The defendants are therefore entitled to summary judgment on Counts 1 and 5 of the amended complaint as they relate to Griffith, and are also entitled to summary judgment on Count 7, a *respondeat superior* claim against defendant Wellpath, to the extent this claim is based on Griffith's conduct.

The Court sets the case for a telephonic status hearing on August 15, 2024 at 9:00 AM to set a final pretrial order due date and a final pretrial conference date, and to discuss the possibility of settlement. The following call-in number will be used: 650-

479-3207, access code 980-394-33.

Date: August 12, 2024

_____
MATTHEW F. KENNELLY
United States District Judge